## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| NICHOLAS TRISTIAN WALKER,<br>Plaintiff,<br><br>v.<br><br>ASHBEL T. WALL II, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C. A. No. 13-156-M

### MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Nicholas Tristian Walker filed a civil rights action[1] against seven defendants[2] affiliated with the Rhode Island Department of Corrections ("RIDOC"). (ECF No. 1.)[3] This Court, after its review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, concludes that Mr. Walker has stated two actionable claims against CO John Howard: (1) a claim of assault under the Eighth Amendment; and (2) a claim regarding his kosher meals under both the First Amendment's free exercise clause and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Mr. Walker has not stated any other claims against CO Howard, nor has he stated any claims against any of the other six defendants.

---

[1] In 2013, Mr. Walker has filed three complaints in this Court, 13-cv-013-M, 13-cv-156-M, and 13-cv-303-M.

[2] The defendants are: (i) Ashbel T. Wall, II, Director of the RIDOC; (ii) David McCauley, Assistant Director of Operations; (iii) James Weeden, Warden; (iv) Alfred Leach, Deputy Warden; (v) Billy Galligan, Lieutenant; (vi) John Howard, Correctional Officer ("CO"); and (vii) Captain Adams, Captain of High Security Center. (ECF No. 1 at 1, 2-3; ECF No. 1-2 at 1, 3. To maintain consistent page references, the Court uses the page numbers appearing in the Case Management/Electronic Case Filing System header on the top of the pages.) Mr. Walker does not specify the capacity in which he is suing any of the defendants, nor does he indicate which claims he is bringing against which defendant.

[3] Mr. Walker also filed an Application to Proceed without Prepayment of Fees and Affidavit ("IFP Application"). (ECF No. 2.)

## I.   ALLEGATIONS

Mr. Walker filed a Complaint, a Civil Cover Sheet, and exhibits totaling forty pages of materials containing a variety of correspondence and inmate records.[4]   (ECF Nos. 1, 1-1, 1-2.) Mr. Walker seeks to use 42 U.S.C. § 1983 to remedy violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and he seeks to bring claims under RLUIPA (42 U.S.C. § 2000cc *et seq.*).[5]

In his Civil Cover Sheet, Mr. Walker asserts, "I am being harassed because of my practicing of Judaism, booked purposely, assaulted, & not properly being fed with my kosher trays, I am being denied Bread & fruit." (ECF No. 1-2. at 2.)  In the "Statement of Claim" Mr. Walker focuses on his kosher meals:  he contends that the kosher tray he received does not provide him with enough nourishment. (ECF No. 1 at 4.)  He alleges that he asked for additional bread and fruit with his kosher meal, but his request was denied. *Id.*  Mr. Walker contends that after a month and a half of eating a kosher tray, he suffered from hallucinations and migraines due to lack of sufficient nourishment. *Id.*  After returning to standard meals for two days, he claims that these medical issues subsided. *Id.*  Mr. Walker wants kosher meals in accordance with his Jewish faith, but requests more food. *Id.*

In addition, Mr. Walker alleges that CO Howard assaulted him, searched his cell on two consecutive days, and told him he would search it every day. *Id.*  Mr. Walker states that he

---

[4] To ascertain whether Mr. Walker stated a claim, this Court reviewed all of the material submitted. *See Schofield v. Clarke*, 769 F.Supp.2d 42, 45 (D. Mass. 2011) (court looks at "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken") (citations omitted).

[5] Mr. Walker also asserts a claim under the "RFRA" (the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb *et seq.*). (ECF No. 1-2 at 2-3.)  However, in *City of Boerne v. Flores*, 521 U.S. 507, 529-36 (1997), the Supreme Court found that the RFRA was unconstitutional in that it "exceeded Congress' power to regulate the states under the Fourteenth Amendment." *Spratt v. R.I. Dep't. of Corr.*, 482 F.3d 33, 37 (1st Cir. 2007).  Since "RFRA was found to be unconstitutional as applied to purely state (as opposed to federal) action in *City of Boerne v. Flores*," *id.* at 36 n.4, Mr. Walker cannot assert a RFRA claim here.

wrote letters to Director Wall, Assistant Director McCauley, Warden Weeden, and Deputy Warden Leach but was "brushed off." *Id.* Mr. Walker's letters mentioned that CO Howard (i) was harassing him because he filed grievances against him alleging excessive force, (ii) searched his cell, and (iii) refused to give him bread to supplement the kosher tray. (ECF No. 1-1 at 31-34.) The letters also say that when Mr. Walker told Lt. Galligan that CO Howard was going to search his cell every day, Lt. Galligan responded that it would be searched twice a day. *Id.*

The exhibits also contain materials reflecting Mr. Walker's request to observe Hanukkah, *id.* at 3-5, several disciplinary infractions and grievances, *id.* at 6-29, documents indicating medical issues, *id.* at 9-11, 38, correspondence regarding Mr. Walker's alleged harassment by CO Howard due to filing grievances against him, *id.* at 35-37, and a letter noting Mr. Walker's desire for more access to the legal cart. *Id.* at 40.

In terms of a remedy, Mr. Walker seeks both injunctive relief and monetary damages. (ECF No. 1 at 4.) First, he wants kosher trays with an adequate amount of food: two kosher trays at lunch and dinner with two fruits, two breads, a seasoned salad, and a protein shake. *Id.* Second, he wants to be removed from the "controlling grasp" of defendants Lt. Galligan and CO Howard. *Id.* Third, he seeks $2,675,000 in compensation for the "mental anguish" and "physical agony" that he has endured. (*Id.*; ECF No. 1-2 at 2.)

## II.    LAW

### A.    Screening Under §§ 1915(e)(2) And 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Similarly, § 1915A directs courts to screen complaints filed by prisoners against "a governmental entity or officer or employee of a

governmental entity" and dismiss the complaint, or any portion thereof, for the same reasons as those set forth in § 1915(e)(2). 28 U.S.C. § 1915A.

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same standard used when ruling on a Rule 12(b)(6) motion to dismiss. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012); *Rondeau ex rel Rondeau v. State*, 201 F.3d 428?, No. 98-1802, 1999 WL 1338348, at *1 (1st Cir. Feb. 26, 1999) (Table). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly.*, 550 U.S. at 555). In making this determination, this Court accepts Mr. Walker's well-pled allegations as true and "scrutiniz[es] the complaint in the light most favorable to [him]." *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). Although this Court construes pleadings of a *pro se* plaintiff "liberally," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555).

Even where *pro se* prisoners' complaints fail to state a claim, the First Circuit has cautioned against sua sponte dismissal with prejudice "without affording plaintiff notice and an opportunity to be heard." *Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990). Instead, district courts are advised to give plaintiffs "some form of notice and an opportunity to cure the deficiencies in the complaint." *Brown v. State*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir.

Feb. 22, 2013) (vacating district court's dismissal under §§ 1915(e) and 1915A where district court did not "afford[] plaintiff notice or an opportunity to amend").

**B.   Legal Standard Under § 1983**

"Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." *Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011) (quoting *Redondo–Borges v. U.S. Dep't of HUD*, 421 F.3d 1, 7 (1st Cir. 2005)). "Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009) (citing 42 U.S.C. § 1983).

Mr. Walker's § 1983 claims are constrained by some additional requirements.   For example, the Prison Litigation Reform Act ("PLRA") requires that claims under § 1983 not be brought until a prisoner has exhausted his administrative remedies.[6]   *Johnson v. Thyng*, 369 Fed.Appx. 144, 146 (1st Cir. 2010) (quoting 42 U.S.C. § 1997e(a)).   "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 147 (quoting *Jones v. Bock,* 549 U.S. 199, 218 (2007)).   In addition, Mr. Walker cannot assert § 1983 claims for money damages against any of the seven defendants in their official capacities. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989) (holding that "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *see also Jones v. State*, 724 F.Supp. 25, 28 (D.R.I. 1989) ("Based on the Supreme Court's holding in *Will*, it is clear that neither the State of Rhode Island nor any of its officials acting in their official capacities, are 'persons' that can be held liable under § 1983.").   Claims against them in their

---

[6]   While Mr. Walker includes grievance-related materials in the exhibits, he does not allege in the Complaint that he has exhausted his administrative remedies in connection with any of the claims he attempts to bring; instead, he indicates that he sent "[l]etters to the entire Authoritive figures." *Compare, e.g.*, ECF No. 1-1 at 9-26 *with* ECF No. 1 at 2.

official capacities for injunctive relief, however, may be permissible. *Will*, 491 U.S. at 71 n.10 (noting that state officials sued in their official capacities for injunctive relief are persons under § 1983 because such actions are not considered actions against the State); *see also Morgan v. Ellerthorpe*, 785 F.Supp. 295, 299 (D.R.I. 1992). Further limitations include the defense of qualified immunity available to state actors, *Sanchez*, 590 F.3d at 52-53, and the open question of whether compensatory damages "for mental or emotional injury" may be recovered by prisoners under § 1983 constitutional claims absent "a prior showing of physical injury." *Kuperman v. Wrenn*, 645 F.3d 69, 73 n.5 (1st Cir. 2011).

As Mr. Walker has named several senior RIDOC employees as defendants, this Court notes that "[§] 1983 does not impose purely supervisory liability; it aims at persons who have actually abused their positions of authority, and hence only persons who were directly involved in the wrongdoing may be held liable." *Martínez–Vélez v. Rey-Hernández*, 506 F.3d 32, 41 (1st Cir. 2007) (internal quotation marks and citations omitted). For example, "a supervisor's behavior may come within this rule [] by formulating a policy, or engaging in a custom, that leads to the challenged occurrence." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 582 (1st Cir. 1994). And supervisors also may be held liable for their "own acts or omissions" when those "acts or omissions [] amount to a reckless or callous indifference to the constitutional rights of others." *Febus–Rodríguez v. Betancourt–Lebrón*, 14 F.3d 87, 91-92 (1st Cir. 1994) (internal citations omitted).

III.   ANALYSIS

This Court has reviewed the allegations in his filings and has attempted to define the claims that Mr. Walker seeks to bring. Since Mr. Walker is pro se, his "pleadings are to be

liberally construed" in his favor. *Ayala Serrano v. Lebrón Gonzalez*, 909 F.2d 8, 15 (1st Cir. 1990) (citing *Estelle*, 429 U.S. at 106).

     A.    Defendant CO Howard

    Mr. Walker includes a variety of materials pertaining to CO Howard. Several of Mr. Walker's allegations pertain to CO Howard allegedly assaulting him on December 14, 2012 and the retaliatory harassment he claims he is enduring for filing grievances against CO Howard for excessive use of force. (ECF No. 1-1 at 3.) Mr. Walker also claims that CO Howard searched his cell on January 9, 2013, stated that he would do it every day, and searched the cell the next day. (ECF No. 1 at 4.) Finally, Mr. Walker complains that CO Howard would not give him bread to supplement his kosher tray and would not call the kitchen if there was no bread on his tray. (ECF No. 1-1 at 31-34.)

     1.    Assault

    Regarding the assault, in the Complaint Mr. Walker alleges that CO Howard "previously assaulted me on 12-14-2012." (ECF No. 1 at 4.) Mr. Walker contends that CO Howard used "too much force" and he suffered "multiple lacerations" and "[b]ruises." (*See, e.g.*, ECF No. 1-1 at 31-34.) Several inmate records in the exhibits refer to this incident, and it appears that Mr. Walker was found guilty of a disobedience infraction entitled "Conduct that Disrupts or Interferes with the Security or Orderly Running of the Facility." *Id.* at 6-7, 12. Mr. Walker was also found guilty of a vandalism infraction on this date for his attempt to break handcuffs. *Id.* at 13-16. Mr. Walker explains that he refused to leave his cell and CO Howard handcuffed him and tried to move him. *Id.* at 8. Mr. Walker also submitted a memo from Deputy Warden Leach wherein Deputy Warden Leach concludes that the amount of force used was reasonable and

Mr. Walker's grievance was denied because he should have followed the appeal process. (ECF No. 1-1 at 37.)

Mr. Walker appears to assert a claim that CO Howard violated his Eighth Amendment rights by allegedly assaulting him. At this preliminary stage in the proceedings, this allegation passes muster and will not be dismissed.

### 2. Retaliation

Regarding retaliation, the Complaint references several letters that mention retaliation for filing a grievance against CO Howard. (ECF No. 1 at 4;ECF No. 1-1 at 31-34.) Mr. Walker states that he is being "harassed" by CO Howard and therefore refuses to exit his cell. (ECF No. 1-1 at 31-34.) Although Mr. Walker complains about his cell being searched and his meals not containing enough food, it is unclear if he alleges that these actions are a result of his filing of the grievance against CO Howard. The limited conclusory information now before this Court is insufficient to state a First Amendment retaliation claim against CO Howard.

### 3. Searching cell

Regarding the cell searching, *Hudson v. Palmer* "foreclosed any [F]ourth [A]mendment challenge to the search of a prison cell." *Sanchez*, 590 F.3d at 42 n.5 (quoting *Hudson*, 468 U.S. at 525-26). Therefore, Mr. Walker does not have a Fourth Amendment cause of action regarding his cell being searched and the Court will dismiss this claim.

### 4. Kosher tray

Finally, regarding the lack of bread on his kosher tray, it appears that Mr. Walker is attempting to raise a claim related to his Jewish faith. The crux of the allegations in the Complaint appears to be that Mr. Walker is dissatisfied with the kosher trays. (ECF No. 1 at 4.) Mr. Walker contends that the RIDOC's kosher meals do not provide adequate nutrition, causing

him to have migraines and hallucinations. *Id.* Although Mr. Walker did complain about the lack of bread on his kosher tray, it was in one sentence towards the end of lengthy letters discussing several other issues. (ECF No. 1-1 at 31-34.)  Mr. Walker does not provide other letters or documents showing that he pressed the issue that his kosher meals provided inadequate nutrition. While he does make conclusory allegations in the Complaint and Civil Cover Sheet regarding his kosher meals, he appears only to connect those allegations with defendant CO Howard. (ECF No. 1 at 4; ECF No. 1-2 at 2.)

Construing the pleadings liberally, Mr. Walker's allegations raise claims against CO Howard under both the First Amendment's free exercise clause and the RLUIPA. Since Mr. Walker has not alleged that he is being treated differently from others similarly situated, he has not stated a Fourteenth Amendment equal protection claim. Therefore, the Court will allow the kosher meal claims under the First Amendment and the RLUIPA to go forward but will dismiss the equal protection claim.

B.      Defendant Lt. Galligan

The only mention of defendant Lt. Galligan in the Complaint and the Civil Cover sheet is Mr. Walker's request "to be permanently moved from Lt. Billy Galligan['s] . . . controlling grasp of my person." (ECF No. 1. at 4.) In the exhibits, several of Mr. Walker's letters appear to state that when Mr. Walker told Lt. Galligan that CO Howard told him his cell would be searched every day, Lt. Galligan responded that it would be searched twice a day. (ECF No. 1-1 at 31-34.) There are no allegations that Lt. Galligan did anything other than make the aforementioned comment. As indicated above, there is no Fourth Amendment violation when a prisoner's cell is searched.  This Court therefore does not see a claim against Lt. Galligan and he will be dismissed.

C.      Defendant Captain Adams

This Court does not see any allegations about defendant Captain Adams.  He is simply listed as a defendant and identified as Captain of High Security.  (ECF No. 1 at 1, 3; ECF No. 1-2 at 1.)  Therefore, the Court will dismiss Captain Adams.

D.      Defendant Deputy Warden Leach

Although there are no relevant allegations in the Complaint or Civil Cover Sheet, the exhibits contain some correspondence between Deputy Warden Leach and Mr. Walker regarding Hanukkah and additional access to the legal cart.  (ECF No. 1-1 at 2-5, 40).  Mr. Walker does not state whether or not he was able to observe Hanukkah, nor does he indicate whether he received satisfactory access to legal materials.  The exhibits are inconclusive.  Mr. Walker, therefore, has failed to state a claim against Deputy Warden Leach in connection with these allegations.

E.      Defendants Director Wall, Assistant Director McCauley,
        Warden Weeden, and Deputy Warden Leach

In the Complaint, Mr. Walker states that he wrote letters to defendants Director Wall, Assistant Director McCauley, Warden Weeden, and Deputy Warden Leach, and he "was brushed off."  (ECF No. 1 at 4.)  The exhibits contain very similar handwritten letters from Mr. Walker to these four defendants.  (ECF No. 1-1 at 31-34.)  Buried within this letters is Mr. Walker's claim that CO Howard does not give him bread if it is not on his kosher tray.  *Id.*  It is unclear what, if any, claims Mr. Walker seeks to raise against defendants Director Wall, Assistant Director McCauley, Warden Weeden, and Deputy Warden Leach in connection with these letters.  As explained above, there is no liability purely as supervisors.  *See Martínez–Vélez*, 506 F.3d at 41.  Therefore, the Court will dismiss all claims against Director Wall, Assistant McCauley, Warden Weeden, and Deputy Warden Leach.

## IV.   IFP APPLICATION

Mr. Walker has provided the affidavit required by 28 U.S.C. § 1915(a)(1) and a partial copy of his inmate statement.  (ECF Nos. 2, 2-1.)  Mr. Walker did not submit a "statement certified by the appropriate [RIDOC] officer showing all receipts, expenditures, and balances during the last six months in [his] institutional accounts."  (ECF No. 2 at 4.)  The Court gives Mr. Walker until **July 1, 2013** to correct the deficiencies in his IFP Application.  Failure to timely do so will result in the Court denying the IFP Application.

## V.   CONCLUSION

After reviewing the Complaint, the Civil Cover Sheet, and the exhibits, this Court finds that Mr. Walker has stated claims regarding his kosher meals against CO Howard under the First Amendment's free exercise clause and the RLUIPA.  Mr. Walker has also stated an Eighth Amendment claim against CO Howard in connection with the alleged assault.  Mr. Walker has not stated any other claims against CO Howard, and he has not stated any claims against the other six defendants.

Therefore, the Court hereby

1.   DISMISSES without prejudice all claims against defendants:

    a.   Ashbel T. Wall, II,

    b.   David McCauley,

    c.   James Weeden,

    d.   Alfred Leach,

    e.   Billy Galligan, and

    f.   Captain Adams;

2.  ALLOWS Mr. Walker's claims against John Howard to proceed at this preliminary stage as to the alleged violations under the First Amendment and the RLUIPA related to his kosher meals. All other claims against John Howard are hereby dismissed without prejudice; and

3.  GRANTS Mr. Walker leave until **July 1, 2013**, should he wish to file an amended complaint to cure the deficiencies in the Complaint as to any dismissed claim or defendant.

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
United States District Judge
May 29, 2013