UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NICHOLAS TRISTIAN WALKER      :
                              :
      v.                      :   C.A. No. 13-156M
                              :
CORRECTIONAL OFFICER          :
JOHN HOWARD                   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Mr. Walker initiated this pro se civil rights action on March 11, 2013 while incarcerated at the Rhode Island Adult Correctional Institutions ("ACI"). On May 29, 2013, the Court, after preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, dismissed all of Mr. Walker's claims with the exception of an Eighth Amendment assault claim and a claim regarding the sufficiency of Kosher meals brought against Correctional Officer John Howard. (Document No. 6).

At some point last year, Mr. Walker was released from the ACI and provided a mailing address and telephone number to the Court. On December 5, 2013, this case was referred to me for a Rule 16 scheduling conference. The Conference was originally scheduled for January 3, 2014 and later rescheduled to January 9, 2014 due to a weather emergency. The original scheduling notice and notice of rescheduling were sent to Mr. Walker at his mailing address of record. In addition, the Clerk called the telephone number provided by Mr. Walker and was told that it was no longer a valid contact number for Mr. Walker. Mr. Walker did not appear for the Rule 16 Conference and the Court did not have current contact information for Mr. Walker to provide notice of Court

proceedings to him.[1]  Under Local Rule Gen. 205(d)(1), every pro se litigant is required to inform the Clerk in writing of any change in contact information within fourteen days of such change.  It reasonably appears that Mr. Walker has not complied with Local Rule Gen. 205(d)(1) and thus neither the Court nor Defendant have any effective way to communicate with Mr. Walker.  Accordingly, I recommend that Mr. Walker's Complaint be DISMISSED without prejudice in view of his noncompliance with Local Rule Gen. 205(d)(1) and his failure to diligently prosecute this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 10, 2014

---

[1] After the Rule 16 Conference and the initial drafting of this Report and Recommendation, Defendant's counsel advised the Court that he searched the ACI database and learned that Mr. Walker was arrested and recommitted into the ACI on October 16, 2013 on a charge of failure to register as a sex offender.  Although the Court is now aware of Mr. Walker's location and could update his contact information for him and reschedule the Rule 16 Conference, it is not this Court's responsibility (or that of defense counsel) to hunt Plaintiff down when he has ignored his obligations under the Rules.  Mr. Walker has had nearly three months to send a letter to the Clerk simply communicating his change of address but did not do so.  He has shown an ability to communicate with the Court while incarcerated, including the initiation of this lawsuit.  It is undisputable that Mr. Walker failed to comply with Local Rule Gen. 205(d)(1) by ignoring his responsibility to keep the Court promptly informed of any changes in his contact information and thus wasted the resources of the Court in trying to schedule and hold the Rule 16 Conference.